**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2785-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LARRY J. ANDERSON,

    Defendant-Appellant.

_____

Submitted March 21, 2018 — Decided June 12, 2018

Before Judges Alvarez and Currier.

On appeal from Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 13-05-0336.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Nicole Handy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

On the eve of trial, defendant Larry J. Anderson entered an "open" plea to second-degree burglary, N.J.S.A. 2C:18-2(a)(1).[1] On January 16, 2015, the court sentenced defendant——as the judge had previously indicated——to five years state prison, subject to eighty-five percent parole ineligibility under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Additionally, defendant was to pay restitution in the amount of $8106. Appropriate fines and penalties were imposed. Defendant did not file a direct appeal, but instead filed this petition for post-conviction relief (PCR). We now remand for the purpose of a limited hearing.

The facts are in dispute. Based on defendant's sworn factual basis for his guilty plea, the police report, and defendant's confession, the State asserts that defendant and a co-defendant, who was prepared to testify against him, burglarized a home for a second time in September 2012. Defendant then removed two shotguns from the residence.

---

[1] The counts in the indictment that were dismissed pursuant to the plea agreement all related to the burglary incidents at issue including two counts of third-degree burglary, N.J.S.A. 2C:18-2(a)(1) (counts one and two); third-degree theft by unlawful taking, N.J.S.A. 2C:20-3(a) (count three); third-degree theft by unlawful taking, N.J.S.A. 2C:20-3(a) (count six); and third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(c)(1) (count seven).

Police acquired intelligence about the burglaries directing them to defendant and his co-defendant. They learned defendant had an outstanding municipal court warrant for his arrest. According to the police report, when the officers arrived at his residence to investigate and execute the warrant, defendant came outside to speak to them. They administered Miranda[2] warnings and asked defendant if he had "anything that did not belong to him." Defendant volunteered he had two guns in a bedroom closet. He signed a written consent to search, went inside with the officers, and showed them the stolen shotguns hidden in a closet. Police drove defendant to the station where, after signing a Miranda waiver card, he confessed to the burglary and theft of the guns.

In his PCR petition, defendant described a different scenario. He claimed police walked into the back door of his home, were given permission to search by his five-year-old son, and only obtained his confession after the officers showed him the shotguns they wrongfully seized.

In his argument to the Law Division as well as on this appeal, defendant contends counsel was ineffective because he did not file a motion to suppress the guns, and inferentially, the statement he initially made to the police leading them to the incriminating

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

evidence. Defendant did not argue to the Law Division judge, and does not argue on appeal, that the Mirandized confession at the station should have been suppressed.

The State submitted a certification from defendant's trial counsel in opposition to the PCR petition. Counsel certified that defendant insisted on taking the matter to trial because he wanted to follow through on a challenge to the operability of the weapons, and wanted to "attempt[] to have his confession suppressed."

N.J.R.E. 504(2)(C) states that the attorney-client privilege does not extend "to a communication relevant to an issue of breach of duty by the lawyer to his client." Trial counsel are routinely called by the State to testify at PCR hearings regarding their representation, in order to refute claims by defendants challenging the effectiveness of their services. But that process provides a defendant with notice and the opportunity to cross-examine his trial counsel.

In rendering his decision denying PCR, the judge said "[d]efendant never notified his trial counsel of the alleged fabricated facts listed in the police report." Thus, the judge relied in part on trial counsel's certification in reaching his decision. Although the rule nullifies the attorney-client privilege in situations such as this, it is not so clear that due

process requirements were satisfied by the State's submission of a certification.

In order to obtain relief on ineffective assistance of counsel grounds, a defendant must demonstrate not only that counsel's performance was deficient, but the manner in which the alleged deficiency prejudiced his right to a fair trial, Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).

When an ineffective assistance of counsel claim is made by a defendant who entered a guilty plea, he or she must also show that not only was the representation not "within the range of competence demanded of attorneys in criminal cases," but also that there was "a reasonable probability that, but for counsel's errors, [defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (citations omitted).

Without cross-examination, defendant was foreclosed from exploring his attorney's perspective on defendant's decision to plead guilty. Without cross-examination, the judge only had the version of the interactions between counsel and defendant most favorable to the State. It would be unfair to assess whether defendant established a prima facie case sufficient to warrant a full evidentiary hearing on this record. We do not question the

rule's applicability, and by this decision in no way intend to indicate that we have an opinion as to the ultimate outcome. Our concern is solely that the case was decided, and the attorney-client privilege waived as allowed under the rule, without affording defendant the opportunity to explore the information upon which the judge relied. After the limited hearing, which shall be completed within sixty days, the judge should incorporate any factual findings and legal conclusions he may make as a result into his decision.

Remanded for a limited hearing at which defendant may cross-examine his attorney. We retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2785-16T1